United States District Court
Western District of Virginia
Harrisonburg Division



CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAY 29 2012

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

| | |
|---|---|
| JEFFREY W. SHIFFLETT, <br><br> *Plaintiff*, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> *Defendant*, | Civil No.: 5:11cv00084 <br><br> REPORT AND RECOMENDATION <br><br> By: Hon. James G. Welsh <br> U. S. Magistrate Judge |

Jeffrey Shifflett brings this civil action challenging a final decision of the Commissioner of the Social Security Administration ("the agency") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 1381 *et seq.* Jurisdiction of the court is pursuant to 42 U.S.C. § 405(g).

The record shows that the plaintiff protectively filed his application on September 15, 2008, alleging disability beginning October 31, 2003. (R.33). His claims were denied both initially and on state agency reconsideration (R.73, 82). Following an administrative hearing (R.8-28), the presiding administrative law judge ("ALJ") issued an unfavorable decision (R. 30-48) on May 28, 2010. His subsequent request for Appeals Council review was denied (R.1-3), and the unfavorable written decision of the ALJ now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

The plaintiff filed his Complaint in this court on August 18, 2011. (Docket #1). On December 19, 2011, the Commissioner filed his Answer along with a certified copy of the

Administrative Record. (Docket #4). On January 9, 2012, the plaintiff was sent a letter informing him that his attorney had passed away. The letter was returned as undeliverable on January 17, 2012. (Docket # 9). This court contacted plaintiff's deceased attorney's office, but they did not have a new address for the plaintiff. (Docket #9). On February 8, 2012, the plaintiff was sent an order to secure substitute counsel. (Docket #10). The order was returned as undeliverable on February 15, 2012. (Docket #11). Finally, on May 14, 2012, plaintiff was sent a notice to dismiss for failure to prosecute, (docket #12), which was again returned as undeliverable on May 21, 2012. (Docket #13).

### I. Recommended Disposition

On the basis of plaintiff's failure to respond to court notices and failure to seasonably prosecute, it is RECOMMENDED that an order be entered AFFIRMING the final decision of the Commissioner, GRANTING JUDGMENT to the defendant, and DISMISSING this case from the docket of the court.

The clerk is directed to transmit the record in this case immediately to the presiding United States district judge and to transmit a copy of this Report and Recommendation to all counsel of record.

### II. Notice to the Parties

Both sides are reminded that pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the

2

conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

DATED: this 29th day of May 2012.

s/ *James G. Welsh*
United States Magistrate Judge